UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. CR94-48 TSZ |
| v. | ) ) | **PROPOSED FINDINGS OF FACT AND DETERMINATION** |
| ERNESTO FLORES QUESADA, | ) ) | **AS TO ALLEGED VIOLATIONS OF** |
| Defendant. | ) ) | **SUPERVISED RELEASE** |

INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on August 3, 2009. The defendant appeared pursuant to a summons issued in this case. The United States was represented by Mark Parrant, and defendant was represented by Ralph Hurvitz. Also present was U.S. Probation Officer Kathy Stringer. The proceedings were digitally recorded.

SENTENCE AND PRIOR ACTION

Defendant was sentenced on August 11, 1994 by the Honorable Thomas S. Zilly for Aiding and Abetting Possession of Cocaine with Intent to Distribute. He received 120 months of imprisonment and 5 years of supervised release. Defendant's term of supervised release began on October 8, 2002 after he was released to the Bureau of Immigration and Customs Enforcement

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE - 1

(BICE). He was subsequently deported to Mexico on October 29, 2002. Mr. Quesada's term of supervised release is scheduled to expire on October 7, 2007. Pursuant to U.S.C. § 3583(e)(3), the maximum term of incarceration imposable upon revocation is five years.

## PRESENTLY ALLEGED VIOLATIONS AND DEFENDANT'S ADMISSION OF THE VIOLATION

In a petition dated September 9, 2007, Supervising U.S. Probation Officer Christopher S. Luscher alleged that defendant violated the following conditions of supervised release:

1. Entering the United States without permission of the BICE, on or about August 15, 2007, in violation of the standard condition that he not commit another federal, state, or local crime.

2. Committing the crime of Trespass on Railroad Property, on or about August 15, 2007, in violation of the standard condition that he not commit another federal, state, or local crime.

3. Committing the crime of False Identification to a Peace Officer, on or about August 15, 2007, in violation of the standard condition that he not commit another federal, state, or local crime.

4. Committing the crime of Possession of a Hypodermic Syringe, on or about August 15, 2007, in violation of the standard condition that he not commit another federal, state, or local crime.

Defendant agreed to proceed on allegation number 1 by way of government proffer. The proffered evidence established defendant violated allegation 1. Defendant had no questions regarding the proffered evidence and called no witnesses in defense of the allegation. The Government withdrew violations 2, 3, and 4. A disposition hearing was scheduled for August 21,

2009 at 10:00 am before District Judge Thomas S. Zilly.

RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 3rd day of August, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE - 3